# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD HORNSBY,              ) | |
|              ) | |
|        Plaintiff,     ) | Case No.: 2:11-cv-01745-GMN-PAL |
|    vs.             ) | |
|             ) | **ORDER** |
| GOLDMAN SACHS & CO., a Foreign  ) | |
| Limited Partnership, GRAMERCY CAPITAL ) | |
| CORP., a Foreign Corporation (formerly  ) | |
| known as The LVH-Las Vegas Hotel & Casino) | |
| and formerly known as The Las Vegas Hilton), ) | |
| and NAVEGANTE GROUP, INC. a Nevada  ) | |
| Domestic Corporation and DOES and ROES I ) | |
| through X, inclusive,       ) | |
|             ) | |
|      Defendants.    ) | |
|             ) | |

Pending before the Court is the Report & Recommendation (ECF No. 26) of United States Magistrate Judge Peggy A. Leen, entered on June 18, 2013 and recommending dismissal of the case. Plaintiff Howard Hornsby ("Plaintiff") filed his Objection to the Report and Recommendation (ECF No. 28) on June 28, 2013.

Also pending before the Court is the Motion to Dismiss (ECF No. 36) filed by Defendants Goldman Sachs & Co. ("Goldman Sachs"), Gramercy Capital Corp. ("Gramercy"), and Navegante Group, Inc. ("Navegante") on January 14, 2014. Plaintiff filed his Response (ECF No. 38) on January 24, 2014, and Defendants filed their Reply (ECF No. 40) on February 3, 2014. For the reasons stated below, the Court will **GRANT** Defendants' Motion to Dismiss (ECF No. 36), which renders the Report and Recommendation (ECF No. 26) moot.

## I. __BACKGROUND__

This case has a long procedural history.  Plaintiff initiated this case by filing an Application to Proceed In Forma Pauperis (ECF No. 1) on October 28, 2011.  On November 3, 2011, the Court denied the Application without prejudice because it was incomplete and allowed Plaintiff to file a new Application before December 1, 2011. (Order, ECF No. 2.)  Plaintiff complied and filed a new Application (ECF No. 5) on December 1, 2011.  In an Order (ECF No. 6) entered on December 8, 2011, the Court approved Plaintiff's Application and screened the Complaint (ECF No. 7) pursuant to 28 U.S.C. § 1915.  The Complaint alleges that "Defendant Hilton Resorts and Casino" terminated Plaintiff's employment with them in violation of the Civil Rights Act of 1964, the Age Discrimination and Employment Act ("ADEA") and Nevada state law on account of his age.[1] (*Id.*)  The Court directed the Clerk of Court to issue summons and directed service by the U.S. Marshal's Service. (Order, ECF No. 6.)

Six months later on June 13, 2012, the Clerk of Court issued a Notice of Intent to Dismiss (ECF No. 12) for Plaintiff's failure to file proof of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff sent a Letter (ECF No. 14) on June 25, 2012, explaining his failure to serve Defendant based on his inexperience with court procedures and failure to obtain legal counsel.  On July 20, 2012, the Court entered an Order (ECF No. 15) allowing Plaintiff until September 14, 2012 to file proof of service.

On September 13, 2012, Plaintiff filed a second request to extend time (ECF No. 18) to serve Defendant.  He explained that Defendant had changed its name to LVH - Las Vegas Hotel & Casino ("LVH"), and it refused to accept the summons issued to the "Las Vegas Hilton" by the Clerk of Court. *Id.*  The Court provided Plaintiff an additional forty-five days to

---

[1] The Complaint alleges that Plaintiff was 53 years old at the time his employment was terminated. (Complaint ¶ 31, ECF No. 7.)

amend the Complaint to reflect the Defendant's new name and to serve the new Defendant. (Order ECF No. 19.)  Plaintiff complied and filed an Amended Complaint (ECF No. 21) on October 30, 2012.  The Clerk of Court issued new Summons (ECF No. 22) to The LVH - Las Vegas Hotel & Casino.  This Summons was returned unexecuted on November 26, 2013. (ECF No. 23.)

Five months later on April 12, 2013, the Clerk of Court issued a second Notice of Intent to Dismiss (ECF No. 24) for Plaintiff's failure to file proof of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Then on May 6, 2013, Plaintiff filed a Motion to Extend Time to File an Amended Complaint (ECF No. 25), seeking an additional 45 days to file a second amended complaint because LVH had allegedly[2] been purchased at foreclosure by Goldman Sachs and Gramercy in November of 2012 and that Navegante was the new operator. (*Id.*)  The Court denied Plaintiff's Motion by Order and Judge Leen recommended that Plaintiff's Amended Complaint be dismissed. (ECF No. 26.)  Plaintiff then, without leave from the Court, filed a Second Amended Complaint naming Goldman Sachs, Gramercy, and Navegante as Defendants. (ECF No. 27.)

Subsequently, Defendants filed the pending Motion to Dismiss (ECF No. 36), alleging multiple grounds for dismissal pursuant to Federal Rules Civil Procedure 12(b)(1) and 12(b)(6), including that Defendants are not Plaintiff's former employer or their successor in liability.

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In considering whether the

---

[2] Defendants assert that the current owner of the former Las Vegas Hilton is actually 3000 Paradise Road, LLC, and that affiliates of Goldman Sachs and Gramercy own indirect interests in 3000 Paradise. (Motion to Dismiss 10:20-28, ECF No. 36.)  3000 Paradise Road, LLC's ownership of the Las Vegas Hilton property is shown through a Trustee's Deed attached to Defendants' motion, recorded as number 20121101-0002312 with the Clark County Recorder. (Trustee's Deed Ex. 4 to Motion to Dismiss, ECF No. 36-1.)

complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   <u>DISCUSSION</u>

The protections afforded to employees under Title VII, the ADEA, and Nevada Revised Statutes § 613.310, et seq. arise in the context of an employee-employer relationship. *See* 42 U.S.C. § 2000e-2 ("it shall be an unlawful employment practice for an employer…"); 29 U.S.C. § 623("[i]t shall be an unlawful employment practice for an employer…"); Nev. Rev. Stat. § 613.330 ("it is an unlawful employment practice for an employer: …").  "Only an employer can be liable for unlawful employment discrimination." *Nabozny v. NCS Pearson, Inc.*, 270 F. Supp. 2d 1201, 1203-04 (D. Nev. 2003); *see also Vandermeer v. Douglas Cnty.*, 15

F. Supp. 2d 970, 974 (D. Nev. 1998) ("the employer charged with discrimination [under Title VII] must be the *plaintiff's* employer in order for the plaintiff to be able to prevail.").  "To state a claim under the ADEA against Defendant[s], Plaintiff must allege that Defendant[s] served as Plaintiff's employer or prospective employer, within the meaning of the ADEA." *Id.* (citing *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (finding employer subject to Title VII only if it met the statutory definition of employer); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("The schemes under Title VII and the ADEA are essentially the same...they both limit civil liability to the employer.").

Plaintiff here never alleges in either his Amended Complaint or Second Amended Complaint that Defendants were ever his employers within the definition of any of the applicable statutes. *See* (Amended Complaint, ECF No. 21; Second Amended Complaint, ECF No. 27.)  The allegations only indicate that "The Las Vegas Hilton" or "The LVH-Las Vegas Hotel & Casino which was formerly known as The Las Vegas Hilton" was his employer. (*Id.* at ¶¶ 1, 4, 8, 20.)  Plaintiff also fails to allege sufficient facts to show that Defendants employ enough individuals to even qualify as employers under the various statutes. *See* (Second Amended Complaint ¶ 1, ECF No. 27); *see also* 42 U.S.C. § 2000e(b) (requiring employers to employ 15 or more employees); 29 U.S.C. § 630(b) (requiring employers to employ 20 or more employees); Nev. Rev. Stat. § 613.310 (requiring employers to employ 15 or more employees). Construing Plaintiff's Second Amended Complaint liberally, Plaintiff at best alleges that Defendants are the successors in liability to his former employer. *See* (Second Amended Complaint ¶ 4, ECF No. 27) ("Plaintiff was hired by Defendant LVH…, which has now been purchased by Defendants [Goldman Sachs] and [Gramercy], hereinafter referred to has LVH, on August 26, 1982 and discharged from his duties on July 30, 2010.")  However, Plaintiff's inference that Defendants are successors in liability to The Las Vegas Hilton because they purchased the property is both too conclusory and too speculative to meet the Rule 8(a)

pleading standard. *See Sprewell v*, 266 F.3d at 988; *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

Furthermore, successor liability for employment discrimination is appropriate when: (1) substantial continuity of business operations and work force exists; (2) the successor received notice of its predecessor's legal obligation; and (3) the predecessor is unable to provide adequate relief directly. *See Bates v. P. Mar. Ass'n*, 744 F.2d 705, 709-10 (9th Cir. 1984). Plaintiff, however, does not allege facts showing that any of these factors are present in this case. Therefore, he has failed to plead valid successor in interest liability as to Goldman Sachs, Gramercy, or Navegante. *See Barnett v. FreedomRoads, LLC*, 2:11-CV-00175-GMN, 2011 WL 3360472, at *2-3 (D. Nev. Aug. 2, 2011).

Finally, while this Court gives leave to amend freely when justice so requires, Plaintiff's undue delay in prosecuting his case, his inability to cure the deficiencies in his complaints, and the futility of further amendments all provide reason to deny leave to amend in this case. *See Foman*, 371 U.S. at 182. Plaintiff has dragged his feet in prosecuting his claims. The Court has issued two separate Notices of Intent to Dismiss (ECF Nos. 12, 24) for Plaintiff's failure to file proof of service pursuant to Rule 4(m), and it is only after these notices that Plaintiff has taken any action to prosecute his claims. The Court has also been quite generous and lenient in giving Plaintiff additional time and allowing him to amend his complaint. *See* (ECF Nos. 2, 15, 19.) Despite this generosity, however, Plaintiff has still failed to file a timely complaint alleging sufficient claims against the proper Defendant some two and a half years after initiating this lawsuit. Furthermore, as shown in the state court order relating to the wind-down of the receivership of Las Vegas Hilton in connection with the transfer of ownership in November of 2012, Plaintiff's claims were unknown to Defendants at the time ownership of the Las Vegas Hilton was transferred. (State Court Order Ex. 3 to Motion to Dismiss, ECF No. 36-1.) Moreover, Plaintiff's inability to obtain adequate relief directly from the Las Vegas Hilton

is due primarily to his own delay in asserting his claims.  Therefore, even with additional time, Plaintiff will be unable to show that liability for his claims transferred to Defendants, and it would be futile for Plaintiff to be granted any additional opportunity to amend his complaint. *See DeSoto*, 957 F.2d at 658.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 36) is **Granted**.  Judge Leen's Report and Recommendation (ECF No. 26) recommending dismissal is therefore rendered moot.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint and Second Amended Complaint are **DISMISSED** with prejudice.  The Clerk of the Court shall enter judgment accordingly.

**DATED** this ____1____ day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge